IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH KEKEA MARIBUSAN, | No. C 06-6632 WHA (PR) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| J. E. TILTON, J. D. STOKES, D. A. DACANAY, D. DESEO, in their official and individual capacities, | |
| Defendants. | |

Plaintiff, an inmate at San Quentin, filed this case in state court alleging violations of state law and his federal civil rights. Defendants removed it to this court. Defendants' opposed motion to dismiss is before the Court for ruling.

**DISCUSSION**

*A.     Judicial Notice*

Defendants' request for judicial notice of the settlement agreement in *Castillo v. Alameida*, No. C 94-2847-MJJ-JCS is will be granted. The Court also takes judicial notice of the order dismissing plaintiff's prior case, *Manibusan v. Alameida*, No. C 04-2611 JSW (PR) (Order Feb. 28 2006). *See* Fed.R.Evid. 201(b)(2) & (f); *Commodity Futures Trading Comm'n v. Co Petro Marketing Group, Inc.,* 680 F.2d 573, 584 (9th Cir.1982) (court may take judicial notice of plaintiff's prior complaints and orders dismissing them).

///

*B.     Res Judicata*

Defendants raise res judicata in their motion to dismiss under Rule 12(b)(6). Although ordinarily affirmative defenses may not be raised by motion to dismiss, it is permissible to do so if, as here, the defense involves no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

In non-diversity cases, federal courts apply federal law to determine the preclusive effect of prior federal court judgments. *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 324 n. 12 (1971). The doctrine of *res judicata,* or claim preclusion, provides that a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action. *Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency,* 322 F .3d 1064, 1077 (9th Cir. 2003). The doctrine prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. *W. Radio Servs. Co., Inc. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997). It is irrelevant whether the new claims that plaintiff seeks to pursue now were actually pursued in the action that led to the judgment; rather, the question is whether they could have been brought in the previous case. *Tahoe-Sierra Pres. Council,* 322 F.3d at 1078.

The Ninth Circuit has listed four factors which may be considered when determining whether successive claims constitute the same cause of action: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Int'l Union of Operating Engineers-Employers,* 994 F.2d at 1429. These factors, however, are "tools of analysis, not requirements." *Id.* at 1430. For example, the Ninth Circuit has previously applied the doctrine of res judicata solely on the ground that the two claims arose out of the same transaction, without reaching the other factors. *See id.* at 1430. Determining whether two events are part of the same transaction is essentially dependent on whether the events are related to the same set of facts and whether the events could conveniently be tried together. *See id.* at 1429.

///

1   In *Manibusan v. Alameida*, plaintiff's previous case involving his SHU term, the court
2   described his claims as concerning "[p]laintiff's placement and retention in administrative
3   segregation as a gang member." (Defs.' Mot. to Dismiss, Attach. at 1) The present case
4   concerns defendants' alleged failure to provide meaningful review of plaintiff's designation as a
5   member of a prison gang and his consequent housing in a secure unit. It is clear that both
6   claims – if in fact there is any difference – are part of the same transaction, are related to the
7   same set of facts, and could conveniently have been tried together. *See Int'l Union of Operating*
8   *Engineers-Employers,* 994 F.2d at 1429.

9   Plaintiff contends that the earlier case and this one are different because the first case
10  involved only his initial "validation" as a gang member and this one involves his continuing
11  placement in the SHU without what he contends is the necessary annual consideration of
12  whether he should be retained there. Although it appears he is incorrect, in that the court in the
13  earlier case considered that case to involve "retention" in the SHU as well as placement there, it
14  does not matter. Whether or not the present claims were actually litigated in the previous case,
15  "res judicata bars not only all claims that were actually litigated, but also all claims that 'could
16  have been asserted' in the prior action." *See Int'l Union of Operating Engineers-Employers*
17  *Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr,* 994 F.2d 1426, 1430 (9th
18  Cir.1993). That is, even if the present claims were not in the previous case, they clearly could
19  have been, and that is enough to preclude the present case. The motion to dismiss will be
20  granted.

## CONCLUSION

22  Defendants' motion for judicial notice (document number 10 on the docket) and their
23  motion to dismiss (document 9) are **GRANTED**. Plaintiff's motion for disclosure (document 8)
24  is **DENIED** as moot.

25  **IT IS SO ORDERED.**
26  Dated: August  27 , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28  G:\PRO-SE\WHA\CR.06\MARIBUSAN632.MDSMSS.wpd

United States District Court
For the Northern District of California